UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MILBANK INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-1044-JES-JEH |
| | ) |
| TODD DENNHARDT and | ) |
| KARLA DENNHARDT, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

Before the Court is Defendants' Motion (Doc. 16) to Set Aside Default Judgment and Memorandum (Doc. 17) in Support. Plaintiff has filed a Response (Doc. 19) to Defendants' Motion. For the reasons set forth below, Defendants' Motion (Doc. 16) is DENIED.

### BACKGROUND

On February 2, 2021, Plaintiff, Milbank Insurance Company, d/b/a State Auto Insurance Companies ("Milbank"), filed a one-count Complaint against Defendants Todd and Karla Dennhardt ("the Dennhardts"). Doc. 1. The Complaint sought a declaratory judgment pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201(a), declaring the rights and responsibilities of the Parties under the appraisal provision of the insurance policy Milbank issued to the Dennhardts. Count 1 requested declarations that (A) Defendants' proffered appraiser, Steve Miner of Hoagland Enterprises, a/k/a Hoagland Construction, is not impartial as required by the terms of the Policy; (B) Defendant must nominate a competent and impartial appraiser without prior involvement in the Claim and without a direct or indirect financial interest in the outcome of the award within 20 days; and (C) compelled Defendants to proceed with appraisal in accordance with the Policy's terms.

1

Milbank sent a notice of lawsuit and request to waive service of summons to the Dennhardts and their counsel on February 2, 2021. Docs. 4, 5, 12-1. The Dennhardts did not respond to the request for service waivers. *See* Docs. 8, 9. On March 2, 2021, the Dennhardts filed a complaint against Milbank in Circuit Court of Peoria County, Illinois, Case No. 21-L-00053, alleging breach of contract and unreasonable delay in settling a claim. Doc. 17-3.[1] That lawsuit relates to the same subject of the instant case and has since been removed to this District.

On March 3, 2021, the Clerk issued summons as to the Dennhardts in the instant case. Doc. 7. The Dennhardts were personally served on March 10, 2021 and their answer or other responsive pleading was due on March 31, 2021. No answer or other responsive pleading was filed. Thus, on April 2, 2021, Milbank filed a motion for entry of default. Doc. 12. No response was filed by Defendants. On April 20, 2021, the Court granted Milbank's motion and directed the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a), which was entered on April 21, 2021. On May 4, 2021, Milbank Insurance filed a motion for default judgment, seeking default judgment against Defendants on the first Count of the Complaint; namely, that Defendants' proffered appraiser, Steve Miner, is not impartial as required by the terms of the Policy. Doc. 13. Upon review of Milbank's motion, the Court found it had established entitlement to the relief it sought. Thus, the Court granted Milbank's motion for default judgment on May 14, 2021 and judgment was entered in favor of Milbank on May 18, 2021. Docs. 14, 15.

On May 18, 2021, the Dennhardts filed a Motion to Set Aside Default Judgment. Doc. 17. The following day, Milbank removed Case No. 21-L-00053 from the Circuit Court of Peoria County to the Central District of Illinois, Case No. 1:21-cv-01155-JBM-JEH. This Order follows regarding the Motion to Vacate the Default Judgment in this case.

---

[1] It appears Milbank did not receive notice of this lawsuit until May 18, 2021 when the Dennhardts filed their Motion to Vacate. *See Dennhardt et al. v. Milbank Insurance Co.*, No. 21-cv-01155 ECF 1, at 2 (C.D. Ill).

**DISCUSSION**

The Dennhardts' grounds for vacating the default judgment include the following: setting aside the entry of default will not prejudice Plaintiff, Defendants have a meritorious defense, Defendants' failure to file an Entry of Appearance and Answer was not willful or intentional, entry of default would lead to a harsh and unfair result, and Defendants filed a complaint against Plaintiff in state court therefore they are actively pursuing resolution of this matter. Docs. 16, at 1; 17, at 2-3. In Response, Milbank urges the Court to deny the Dennhardts' Motion because they have failed to show good cause and a meritorious defense. Doc. 19, at 11.

Before addressing the merits of the Dennhardts' Motion, the Court will clarify the procedural posture and applicable standard of review for the Parties. "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Contrary to the Dennhardts' reading of the docket, the entry of default occurred on April 23, 2021. The actual default judgment was entered almost a month later on May 18, 2021. Doc. 15. Thus, the Dennhardts' Motion is properly characterized as a request to vacate default judgment, not entry of default.

Pursuant to Fed. Civ. P. 55(c): "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." It is well-settled in the Seventh Circuit that "[t]o succeed in the vacation of a default order under Rule 55(c), the defendant must show "(1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). Where a default has ripened into a judgment, the more stringent application of these

requirements applies in accordance with Rule 60(b). *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (collecting cases distinguishing the standards between Rule 55(c) and Rule 60(b)).

Turning to the merits, the Dennhardts' proffered bases are unavailing. They do not meet the applicable standard and most of the listed grounds are simply that—perfunctory remarks without substantive argument. For example, the Dennhardts state the failure to file an appearance and answer was not willful yet give no reasoning as to how a lack of "willfulness" rises to the level of setting aside a default judgment where a party had multiple opportunities to respond to litigation over a span of months. Counsel's affidavit does not take accountability for the failure or explain how it was done "mistakenly, inadvertently, and without intent." Doc. 17, at 3. Rather, the only substance provided is that "all of the statements of fact set forth in the Motion to Set Aside Default Judgment are true and accurate." The Seventh Circuit has repeatedly affirmed district courts' decisions to deny motions to vacate where the party offered no explanation or justifiable excuse for their conduct. *See e.g*, *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990); *Arwa Chiropractic, P.C.*, 961 F.3d at 949. Moreover, an attorney's failure to efficiently handle his docket can constitute willfulness depending on the circumstances. *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983). The circumstances here, particularly the filing of the state court case after the Dennhardts had notice of this lawsuit, suggest that the actions were willful—they wanted to litigate this dispute on their timeline and in their chosen forum. Even if counsel's inadvertence caused the failure to appear, albeit harsh, "if the client freely choses counsel it should be bound to counsel's actions. . . '[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is

deemed bound by the acts of his lawyer-agent[.]'" *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1233–34 (7th Cir. 1983) (quoting *Link v. Wabash R.R.*, 370 U.S. 626 (1962)).

Next, the Dennhardts claim to have diligently responded to this lawsuit, yet they received at least three notices regarding this lawsuit but chose not to respond. The Dennhardts do not dispute that they had notice of this lawsuit since the day it was filed on February 2, 2021, that they were personally served on March 10, that they received notice of Milbank's motion for entry of default on April 2, or any other of the facts cited by Milbank. Doc. 12, at 4. "A party is not free to ignore a suit, to appear only after he has been defaulted, and to say that the appearance must be treated as timely." *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987).

Although the Dennhardts gloss over the above timeline, the Court will address it here. Milbank corroborated that it requested waivers of service on February 2. *See* Doc. 12-1 (copy of email sent to the Dennhardts' counsel with attachments including the complaint and notice of lawsuit and waiver requests). The Dennhardts' Motion confirms the physical and electronic mail addresses of their attorney and that the same attorney has been representing them in this insurance matter. In spite of this notice, the Dennhardts filed a lawsuit in state court one month later regarding the same insurance dispute. This leads to the inference that rather than responding to this lawsuit, the Dennhardts chose to file a suit in state court. Likewise, the Dennhardts' claim to actively pursue resolution of this matter in the state court case yet, it appears they have yet to serve Milbank in that case or otherwise litigate it. Indeed, Milbank received notice of that lawsuit when the Dennhardts referenced it in their Motion. Based on these considerations, the state court action raises more questions about willfulness than it supports the Dennhardts' position that they were diligent. Regardless of the initial notice, Milbank provided signed returns of service, which are presumptively valid and can only be overcome by strong and convincing evidence. *O'Brien*,

5

998 F.2d 1394. The Dennhardts do not dispute that service was proper.

In support in their Motion, the Dennhardts assert entry of default would lead to a harsh and unfair result and setting aside the entry of default will not prejudice Plaintiff. However, this lawsuit is well-past the entry of default stage and even if the Court considered prejudice, Milbank has been prejudiced by the delay from the Dennhardts' refusal to respond to Milbank's repeated requests to proceed with the appraisal process that the Dennhardts requested or the deadlines set forth in the Policy for the process, and the Dennhardts' refusal to respond to this lawsuit. The Court further disagrees that the result of this default judgment is harsh and unfair. *Cf. e.g*, *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (affirming the district court's vacation of an entry of default where the court found the magistrate judge's order of default in the amount of $31 million was disproportionate to the wrong that occurred). The award here is not disproportionate to the wrong like it was in *Sims*. The result of the declaratory judgment here simply means the Dennhardts must chose a different appraiser so that they may proceed in attempting to receive an increase in coverage for their insurance claim. The Dennhardts had fair opportunity to respond to this lawsuit and they do not contest Milbank's assertion that the Dennhardt were stalling the claims process long before Milbank ever filed suit.

As to a meritorious defense, the Dennhardts assert they have one, but fail to articulate it. Instead, citing to *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 504 (7th Cir. 2014), the Dennhardts claim that once the Court sets aside the entry of default, they will file an answer and affirmative statement to show a meritorious defense. Doc. 17, at 2. *Parker* does not stand for the proposition that it is sufficient to simply say a defense will be shown at a later date. 772 F.3d at 502. Such a notion flies in the face of ample caselaw reiterating that a conclusory statement is not enough to establish a meritorious defense. *E.g, Breuer Electric Mfg. Co. v. Toronado Systems*

*of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982), *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994); *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 562 (7th Cir. 2017). Moreover, the defendant in *Parker* attached declarations with its motion that supported its alleged defenses. 772 F.3d at 504. Direct language from the Seventh Circuit in *Wehrs v. Wells*, 688 F.3d 886, 891 (7th Cir. 2012) further forecloses the Dennhardts' argument.

> Wells maintains that he would have provided the necessary factual support to establish a meritorious defense in an answer to the complaint, if only the district court had granted him leave to do so. But this argument is illogical . . . Wells also could have attached a proposed answer as an exhibit to the motion, to provide some support for his threadbare assertions . . . He did not do so, and this left the district court with only the conclusory statements contained in Wells's motion when considering whether he raised a meritorious defense.

*Id*. Like Wells, the Dennhardts did not attach a proposed answer or other exhibit to provide support for their defense. Thus, the Court is left with the conclusory remark that Miner "has no impartiality in favor of Defendants." Doc. 17, at 2. A meritorious defense requires more than the Dennhardts have offered. The "defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least 'raise a serious question regarding the propriety of a default judgment and be supported by a developed legal and factual basis.'" *Wehrs*, 688 F.3d at 890 (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)). The Dennahrdts admit that they intended to use Miner as their selected appraiser and Milbank had hired him in the past. Yet, the Dennhardts offer no alternative definition for "impartiality" than that which Milbank offered, and the Court adopted in its Order granting default judgment. Doc. 14. Nor do they discuss the assertion by Milbank that impartiality extends to the relationship with all parties. Thus, the Dennhardts have not shown that they have a meritorious defense. Even if the Dennhardts had a defense, a party must meet all three requirements for vacating a default judgment. *Pretzel & Stouffer, Chartered*, 28 F.3d at 46-47 (holding it was unnecessary to consider whether a

meritorious defense existed and whether the corrective action was quick enough where the litigant failed to show good cause).

As discussed in this Opinion, the Dennhardts have failed to show good cause or that they have a meritorious defense. Thus, the Court need not consider whether the action to correct was "quick enough." Even if it did, the circumstances of this case suggest the action was not quick. The Dennhardts claim to have filed their Motion immediately after learning about the May 17 default, however, counsel for Milbank gave the Dennhardts notice on April 2 of its motion for entry of default long before the judgment. Doc. 12, at 4. Thereafter, the Dennhardts had over a month in between the motion for default and default judgment to respond but chose not to and did not explain how such delay was timely.

Default judgment is not simply an avenue to get a party's attention to litigate a suit, that is purpose of service embodied in Rule 4–an avenue with which Milbank complied, while the Dennhardts chose to ignore the federal rules. "Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings and demand the right to set their own deadlines." *Matter of Kilgus*, 811 F.2d at 1118. Therefore, due to the Dennhardts' failure to demonstrate good cause and a meritorious defense, their motion to vacate is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion (Doc. 16) to Set Aside Default Judgment is DENIED.

Signed on this 15th day of June, 2021.

>s/ James E. Shadid
>James E. Shadid
>United States District Judge

8